```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jose Ulpiano Iler-Reyes

    v.                           Civil No. 23-cv-553-SM-AJ

Warden, FCI Berlin

### REPORT AND RECOMMENDATION

Jose Ulpiano Iler-Reyes, proceeding pro se and in forma pauperis, filed a petition pursuant to 28 U.S.C. § 2241, seeking reinstatement of credits under the First Step Act ("FSA") and immediate transfer to a Residential Reentry Center. The Warden moves to dismiss on the ground that Iler-Reyes did not exhaust Federal Bureau of Prisons ("BOP") administrative remedies. Iler-Reyes objects. The motion to dismiss was referred to the undersigned for a report and recommendation. See LR 72.1. For the following reasons, the district judge should deny the motion to dismiss.

### Motion to Dismiss Standard

A respondent may file a pre-answer motion to dismiss a habeas petition on the petitioner's failure to exhaust BOP remedies. See Rule 4, Rules Governing § 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 4 Adv. Comm. Notes to 1976 Adoption. "A court examines 'a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rule of Civil Procedure

12(b)(6).'" Walsh v. Boncher, 652 F. Supp. 3d 161, 164 (D. Mass. 2023).

The court may dismiss a complaint if the plaintiff's allegations, taken as true, do not state a claim for relief. Fed. R. Civ. P. 12(b)(6). To avoid dismissal, the plaintiff must allege facts that, if taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim for relief. Burt v. Bd. of Trs. of Univ. Of R.I., 84 F.4th 42, 50 (1st Cir. 2023). In addition to the complaint, the court may consider matters of public record and documents on which the allegations in the complaint depend in considering a motion to dismiss. Id.

Exhaustion of BOP remedies is an affirmative defense. "Where a court grants a Rule 12(b)(6) . . . motion based on an affirmative defense, the facts establishing that defense must: (1) be "'definitively ascertainable from the complaint and other allowable sources of information,'" and (2) "'suffice to establish the affirmative defense with certitude.'" Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 324 (1st Cir. 2008) (citation omitted). "In other words, before a motion to dismiss can be granted on the basis of an affirmative defense, the [petitioner] must 'affirmatively plead himself out of court' by alleging 'everything necessary to satisfy the affirmative defense.'" Urena v. Travelers Cas. & Sur. Co. of Am., No. 22-

2

cv-200-PB, 2024 DNH 006, 2024 WL 406563, at *6, 2024 U.S. Dist. LEXIS 18343, at *16  (D.N.H. Feb. 2, 2024) (citation omitted). The court considering a motion to dismiss on the basis of an affirmative defense may not allocate burdens of proof "in a way that is inconsistent with the rule that a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." Schmidt v. Skolas, 770 F.3d 241, 251 (3d Cir. 2014) (to avoid dismissal, plaintiff was not required to allege facts showing unequivocally that discovery rule applied to avoid statute of limitations).

## Background

Iler-Reyes is serving a prison sentence of 87 months with 60 months of supervised release, imposed by the United States District Court for the Middle District of Florida in August 2019.  See United States v. Iler-Reyes, No. 8:19-cr-32-CEH-AAS, 2022 U.S. Dist. LEXIS 160515, at *1 (M.D. Fla. Sep. 6, 2022) (discussing procedural history).  He alleges that while incarcerated he has earned a total of 745 days of credit under the FSA.  According to the Bureau of Prison ("BOP") Online Inmate Locator, Iler-Reyes's projected release date is March 30, 2025.[1]  Iler-Ryes alleges that with the FSA credits he would have

---

[1] The BOP Online Inmate Locator is self-authenticating, and the information it conveys is properly the subject of judicial

been placed in a Residential Reentry Center in 2023 and would be released in March 2024.

Iler-Reyes alleges that on November 16, 2023, he met with a Deportation Officer at FCI Berlin and received a "Notice and Order of Expedited Removal." After receiving that notice, the prison notified Iler-Reyes that he had lost all FSA credits and his release date was changed as a result. Iler-Reyes contends that determination was incorrect because the notice he received was not a Final Order of Removal. He acknowledges that he has not exhausted administrative remedies, and he asserts that he has no time left to complete the administrative remedy process as he should already be in a Residential Reentry Center and should be released in March 2024.

## Discussion

The Warden moves to dismiss the petition because Iler-Reyes stated in the § 2241 petition that he did not exhaust administrative remedies. Iler-Reyes argues in the petition, however, that the court should waive the exhaustion requirement in his case because if his FSA credits were counted, he would have been released to a Residential Reentry Center and administrative exhaustion would cause irreparable harm. The

---

notice. See Fed. R. Evid. 201(b)(2), 902(5); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020).

Warden asserts that Iler-Reyes's "bare assertions" in his petition are not enough to support application of an exception to administrative exhaustion.

Federal common law imposes a requirement that § 2241 petitioners exhaust administrative remedies. Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Calderon Hernandez v. Warden FMC Devens, No. 23-11330-MPK, 2023 WL 5939634, at *4, 2023 U.S. Dist. LEXIS 161096, at *8 (D. Mass. Sept. 12, 2023). Courts have recognized exceptions to the exhaustion requirement, including "where exhaustion would be futile or inadequate to prevent irreparable harm." Calderon Hernandez, 2023 WL 5939634, at *4, 2023 U.S. Dist. LEXIS 161096, at *9. The petitioner bears the burden of showing that an exception applies. Id.

Iler-Reyes alleges that he has no time left to exhaust administrative remedies. He asserts that he learned about his alleged ineligibility for FSA earned time credits in November 2023, after he already should have been released to a Residential Reentry Center and only months before his projected date of release, based on his FSA credits.

The Warden first challenges Iler-Reyes's argument in favor of waiving the exhaustion requirement on the ground that he did not provide sufficient factual allegations to show that his release date is imminent. Because the Warden chose to move to dismiss the petition, rather than moving for summary judgment,

5

the court takes Iler-Reyes's factual allegations as true and may also consider facts that are subject to judicial notice. According to the BOP, Iler-Reyes's release date (without FSA credits) is March 30, 2025. Iler-Reyes alleges, and the Warden does not dispute, that he earned 735 days of FSA credits, which he alleges would give him 365 days toward early release to supervised release and 370 days toward placement in a Residential Reentry Center.[2] Doc. no. 1, at 1. He alleges that he would now be in a Residential Reentry Center if the FSA credits had not been taken away, and based on his calculations, he would be within days of release from BOP custody at this time. He further asserts that his release date would be upon him before he could complete the process of exhausting his BOP remedies. And Iler-Reyes alleges, without contradiction, that he cannot provide proof of the number of FSA credits he has earned because he was told no BOP staff member was allowed to provide copies of the necessary documents to prisoners. Iler-Reyes's allegations are sufficient to support his assertion of a futility or irreparable harm exception to the exhaustion requirement based on the imminence of his release date.

In a footnote, the Warden raises a question as to whether the proximity of a prisoner's release date can provide grounds

---

[2] See also 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d)(3).

for the court to waive the exhaustion requirement.[3]  The First Circuit Court of Appeals has not addressed the issue.  Other courts have reached mixed results.  See, e.g., Arellano-Ortiz v. Quintana, No. 23-06290-ADS, 2024 WL 648683, at *3 (C.D. Cal. Jan. 5, 2024) (waiving exhaustion); Brown v. Rieger, No. 2:22-cv-0259-JAW, 2022 WL 17082097, at *6, 2022 U.S. Dist. LEXIS 209245, at *16 (D. Me. Nov. 18, 2022) (waiving exhaustion in part because "administrative process alone was likely to take ninety days," exceeding petitioner's release date), R&R adopted, 2022 WL 17184294, 2022 U.S. Dist. LEXIS 212189 (D. Me. Nov. 23, 2022), appeal filed, No. 22-1945 (1st Cir. Dec. 1, 2022); Nelson v. Cox, No. 20-cv-04199-KES, 2021 WL 1221178, at *2, 2021 U.S. Dist. LEXIS 64041, at *4 (D.S.D. Apr. 1, 2021) (waiving exhaustion because petitioner "is allegedly already entitled to be released"); Stiger v. Haynes, No. 2:13-CV-00025-SWW-JJV, 2013 WL 3965425, at *2, 2013 U.S. Dist. LEXIS 107292, at *3 (E.D. Ark. July 9, 2013) (exhaustion futile, as "it would take a prisoner a minimum of ninety days to complete the [BOP] administrative remedy exhaustion process, and the process could take as long as 160 days"), R&R adopted, 2013 WL 3965425, 2013 U.S. Dist. LEXIS 107282 (E.D. Ark. July 31, 2013).  But see,

---

[3] The Warden acknowledges that whether the temporal proximity of a petitioner's release may be an exception to the exhaustion requirement is not established.

e.g., Mirafuentes-Valez v. Warden, FCI Elkton, No. 23-cv-1289, 2024 WL 872283, at *3 (N.D. Ohio Jan. 29, 2024) (imminent release did not support waiver); Ramirez-Carranza v. Stone, No. CV 322-054, 2022 WL 16641892, at *2, 2022 U.S. Dist. LEXIS 200859, at *7 (S.D. Ga. Oct. 3, 2022) (same), R&R adopted, 2022 WL 16640001, 2022 U.S. Dist. LEXIS 199671 (S.D. Ga. Nov. 2, 2022); see also Dejapa v. Derr, No. 23-CV-00090 JAO-KJM, 2023 WL 2758890, at *5, 2023 U.S. Dist. LEXIS 57912, at *12 (D. Haw. Apr. 3, 2023) (declining to waive exhaustion in part because of possibility that "administrative remedies process could have been completed before the date [petitioner] believes she is entitled to release").

In the particular circumstances that Iler-Reyes presents, where the court takes as true each of his assertions including the timing and likelihood of his placement in a Residential Reentry Center, his FSA credits, his release date, and the time it would take to exhaust BOP remedies, the Warden has not demonstrated that the § 2241 petition's allegations establish conclusively all elements of the affirmative defense of exhaustion, as well as the unavailability of any exception to the exhaustion requirement. Accordingly, the district judge should deny the motion to dismiss.

## Conclusion

For the foregoing reasons, the district judge should deny the Warden's motion to dismiss (Doc. No. 6). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                          _____
                                          Andrea K. Johnstone
                                          United States Magistrate Judge

April 3, 2024

cc:  Jose Ulpiano Iler-Reyes, pro se.
     Anna Dronzek, Esq.